## FEDERAL COKE CORPORATION v. DRISCOLL, Collector of Internal Revenue.
## No. 8827.

District Court, W. D. Pennsylvania.
March 27, 1939.

Reed, Smith, Shaw & McClay, W. A. Seifert, W. W. Booth, and Jos. G. Robinson, all of Pittsburgh, Pa., for plaintiffs.

C. F. Uhl, U. S. Atty., and Orris Bennett, Asst. U. S. Atty., both of Pittsburgh, Pa., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe, Jas. P. Garland, and Courtnay Hamilton, Sp. Assts. to Atty. Gen., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover a capital-stock excise tax imposed upon and paid by Sharon Coke Company for the year from June 1, 1935, to June 30, 1936, by virtue of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1733, Sec. 401, Tit. 26 U.S.C.A. § 1358a.

The sole question involved is whether or not the Sharon Coke Company was carrying on or doing business during the taxing period. By our findings of fact and conclusions of law, filed herewith, we have found that that company was doing business and therefore liable for the tax. These facts may be briefly summarized as follows:

The Sharon Coke Company is a Pennsylvania corporation organized for the purpose of mining coal and manufacturing coke, with the right to deal in coal properties. The company owned assets of a book-value in excess of $340,000, consisting primarily of real estate and plants. The property known as the "Ronco Coal Mines" was turned over to H. C. Frick Company under an operating contract dated June 15, 1908. The remaining parcel was subject to a similar contract with Carnegie Steel Company, predecessor of Carnegie-Illinois Steel Corporation, dated June 16, 1908.

The Sharon Coke Company, under these operating contracts, received the net earnings from the properties, and agreed to reimburse the operating companies for any loss that might be sustained from the operation. By these operating contracts, the Sharon Coke Company agreed to pay the cost of any additions, constructions, or improvements necessary and approved by it.

The Sharon Coke Company, during the operating period under these contracts, retained all its charter powers, held meetings of its stockholders and directors, paid directors' fees. Additions to the plant were made during this period by H. C. Frick Coal Company, with the approval of the company, and charged to its account.

We construe this to be doing business within the meaning of the taxing statute. See our opinion this day filed in Federal Coke Corporation v. Driscoll and Federal Coke Corporation v. United States, 27 F. Supp. 224.

An order for judgment in favor of defendant in accordance with our findings of fact and conclusions of law may be submitted.